IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SNW OPERATING COMPANY, INC., and FREEDOM 2 ENERGY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LARGE OPERATING, LLC, PONDEROSA TX OPERATING, LLC, LRG ENERGY, LLC, and CORY MEADOWS,<br><br>Defendants. | 2:25-CV-071-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Emergency Motion to Remand ("Motion") (ECF No. 4), filed April 2, 2025. Having considered the Motion, the relevant law, the Notice of Removal, and the briefing, the Motion is **GRANTED in part** and **DENIED in part**.

BACKGROUND

Plaintiffs SNW Operating Company, Inc. ("SNW") and Freedom 2 Energy, LLC ("Freedom") are both Texas-based companies in the oil and gas industry. ECF No. 4 at 1. During the pendency of a voluntary Chapter 7 bankruptcy filed by Polaris Operating, LLC ("Polaris"[1]), Freedom purchased oil and gas leases held by Polaris at a bankruptcy asset sale (the "Polaris Sale"). *Id.* at 1–2. Following entry of the bankruptcy court's sale order approving the asset purchase, Freedom became the record title holder of one of these oil and gas leases (the "Freedom Lease"). ECF No. 4 at 2; 7 at 6. SNW operates several wells covered by the Freedom Lease, powered by electrical lines spanning the property. *Id.* at 2.

---

[1] For purposes of the instant Order, "Polaris" collectively refers to (1) Polaris Operating, LLC, (2) CCCB Energy Partners, LLC, (3) NAP I, LLC, and (4) Cottonwood Gathering, LLC. These LLCs are parent companies and affiliates of Polaris Operating, LLC.

Plaintiffs contend that shortly after the bankruptcy sale closed, Defendants caused these electrical lines to be disconnected on two separate occasions. *Id.* at 3. Use of these electrical lines is at the heart of the instant dispute, as the parties disagree as to whether Plaintiffs are permitted access to these lines. *See* ECF No. 4 at 2 ("[Plaintiffs' tracts covered by the Freedom Lease] are subject to a Right-of-Way Easement granted to Freedom . . . ."); 7 at 8 ("[A]ny purchasers of Polaris' assets would need to enter an agreement with [Defendant LRG] to continue accessing electricity.").

Plaintiffs filed suit in the 69th District Court of Moore County, Texas, alleging trespass and tortious interference with a contract. ECF No. 1-2 at 5–6. In addition, Plaintiffs requested a temporary restraining order ("TRO"), a temporary injunction, and a permanent injunction to prevent Defendants from "trespassing onto Plaintiffs' electrical right of way" and from "disconnecting or otherwise interfering with the electrical supply to Plaintiffs' property." ECF No. 4 at 3. The state court issued a TRO on March 18, 2025, and set a hearing on the temporary injunction on April 1, 2025. *Id.* Defendants removed the suit to federal court on March 31, 2025, one day before expiration of the TRO. *Id.* at 4. Defendants justify removal based on 28 U.S.C. Sections 1331, 1334, and 1452, which provide jurisdiction to federal district courts over actions that arise under the Bankruptcy Code, arise in a bankruptcy case, or relate to a bankruptcy case. 28 U.S.C. §§ 1331, 1334, 1452. Plaintiffs disagree with these bases for removal and seek remand due to a lack of federal subject-matter jurisdiction.

LEGAL STANDARD

I.   **Removal and Remand**

Defendants can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party that removes the case bears the burden of establishing that the federal court has jurisdiction.

*Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). Jurisdictional facts for removal are assessed at the time of removal. *Macon v. Blomquist*, No. 4:06-CV-128, 2006 WL 8438467, at *2 (N.D. Tex. May 4, 2006).

However, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As removal presents a question of federalism, all jurisdictional doubts should err in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007))). "A § 1447(c) remand is not reviewable on appeal even if the district court's remand order was erroneous." *Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 Fed. Appx. 946, 947 (5th Cir. 2009) (quoting *Heaton v. Monogram Credit Card Bank Ga.*, 231 F.3d 994, 997 (5th Cir. 2000)).

## II. Jurisdiction over Bankruptcy Proceedings

A federal district court has original and exclusive jurisdiction over all bankruptcy cases, as well as original—but not exclusive—jurisdiction over civil proceedings that "arise under" the Bankruptcy Code, "arise in" a bankruptcy case, or "relate to" a bankruptcy case. 28 U.S.C. § 1334(a)–(b). But these three categories "operate conjunctively to define the scope of jurisdiction." *Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 584 (5th Cir. 1999). Thus, it is only necessary to determine whether a matter is "related to" a bankruptcy. *Id.*; *see also Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999).

3

"Related to" is a term of art. A proceeding "relates to" a bankruptcy case where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Canion*, 196 F.3d at 585 (quoting *In re Bass*, 171 F.3d at 1022). In other words, there is a "cause" component implicit in "related to" jurisdiction—jurisdiction is only proper where the anticipated outcome of the action alters both the "rights, obligations, and choices of action of the debtor" and has "an effect on the administration of the estate." *In re Bass*, 171 F.3d at 1022. Because the proceeding must be capable of affecting the bankruptcy estate, "common facts alone" are insufficient to satisfy "related to" jurisdiction. *In re Canion*, 196 F.3d at 585.

ANALYSIS

In their Notice of Removal, Defendants contend that this Court has federal subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. Sections 1331, 1334, and 1452. ECF No. 1 at 1. Specifically, Defendants state that jurisdiction is properly found (1) under Section 1331 because "a federal question exists as to the interpretation of a bankruptcy sale order" entered in bankruptcy court; (2) under Section 1334 because "the bankruptcy sale order at issue grants the bankruptcy court exclusive jurisdiction over the issues raised in the State Court Action," which "arises under" bankruptcy law and "arises in" a bankruptcy proceeding; and (3) under Section 1452 because "the claims in the State Court Action are 'related to' a pending bankruptcy case." ECF No. 1 at 4.

Plaintiffs argue that this Court lacks federal subject-matter jurisdiction, as Defendants' common law trespass and tortious interference claims "do not find their origin in any provision of the Bankruptcy Code and do not seek support from any place other than Texas law." ECF No. 4 at 5. Defendants believe that resolution of whether their conduct constitutes trespass or tortious interference "first requires determining what property rights

4

and easements the bankruptcy sale conveyed." ECF No. 7 at 9. This post-sale dispute, Defendants argue, is properly within the Court's jurisdiction. *Id.* at 10.

Here, Polaris is the debtor by virtue of its voluntary petition for Chapter 7 bankruptcy. Accordingly, this Court will only properly have jurisdiction where the anticipated outcome of Plaintiffs' action alters both the "rights, obligations, and choices of action of [Polaris]" and has "an effect on the administration of the estate." *In re Bass*, 171 F.3d at 1022. But Polaris is not a party to this action. In fact, Plaintiffs' trespass and tortious interference claims do not involve Polaris or the bankruptcy estate at all. And Defendants are familiar with Polaris mainly by virtue of their mineral leases—which sit contiguous to mineral acreage owned and operated by Plaintiffs—and their participation as bidders at the Polaris Sale. ECF No. 1-2 at 4–5 (noting that Defendants initially won the bidding process but were "unable to close on the sale, resulting in Freedom being the successful bidder"). Accordingly, resolution of Plaintiffs' case will have no conceivable impact on Polaris' bankruptcy estate. The assets purchased by Freedom via the Polaris Sale are no longer a part of the bankruptcy estate corpus; any outcome regarding Plaintiffs' allegations of tortious interference or trespass against Defendants will in no way affect the rights, obligations, or choices of Polaris, or the administration of the bankruptcy estate. *See, e.g., Danner v. Tower Acquisition, LLC*, No. 1:CV-06-2270, 2007 WL 914172, at *6 (M.D. Pa. Mar. 23, 2007) ("[W]hen an asset is purchased from the estate, the bankruptcy court's jurisdiction over the asset ceases."); *In re Specialty Hosp. Wash., LLC*, 580 B.R. 302, 313 (D.D.C. 2018) ("[T]he mere coincidence that wrongful conduct that is the basis for a plaintiff's claims, or for a defendant's defenses to those claims, took place in a bankruptcy case" is insufficient to establish jurisdiction). Plaintiffs' common-law claims of tortious interference and trespass find no home in federal court—interpretation of the bankruptcy court's order is not the heart of the instant dispute

5

and fails to operate as a sufficient jurisdictional tow hitch.

Plaintiffs also request an award of attorneys' fees. ECF No. 4 at 9. Although Plaintiffs may disagree with Defendants' bases for attempted removal, courts may award attorneys' fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Defendants' briefing does not contain arguments that strike the Court as objectively unreasonable—rather, Defendants' briefing merely presents a difference of opinion from Plaintiffs regarding jurisdiction. Accordingly, the Court denies Plaintiffs' request for an award of attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**. The Court **GRANTS** Plaintiffs' Motion to remand. This case shall be **REMANDED** to the 69th District Court of Moore County, Texas. However, the Court **DENIES** Plaintiffs' request for an award of attorneys' fees.

**SO ORDERED.**

April 8, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6